COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Felton and Senior Judge Willis

TRACY D. PARIS

                                                      MEMORANDUM OPINION[*]
v.        Record No. 2009-04-1                              PER CURIAM
                                                      JANUARY 25, 2005
CITY OF VIRGINIA BEACH
  DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                           Jerome James, Judge

              (Andrew G. Wiggin; Andrew G. Wiggin, P.C., on brief), for
              appellant.

              (Leslie L. Lilley, City Attorney, Nianza E. Wallace, II, Associate
              City Attorney, on brief), for appellee.


        Tracy D. Paris appeals the decision of the trial court to terminate her parental rights to her

infant child, pursuant to Code § 16.1-283(E).  Paris contends the trial court erred by denying her

motion to dismiss the Norfolk petition for termination of residual parental rights because the child

was unlawfully seized under an emergency removal order from the Virginia Beach Juvenile and

Domestic Relations District Court, which she argues did not have jurisdiction to render such order.

Upon reviewing the records and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                       BACKGROUND

        We review the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences deducible therefrom.  See Logan v. Fairfax County Dep't of Human

Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence showed that the

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Virginia Beach Department of Social Services had been involved with Paris regarding the termination of residual parental rights to an older sibling. That matter had been resolved in the Virginia Beach courts. In December 2002, Paris gave birth to BP-J in a Norfolk hospital. At that time, Paris was not residing in Virginia Beach, nor had she resided there in the previous twelve months. Serena Anderson, a representative of the Virginia Beach Department, obtained an emergency removal order from the Virginia Beach Juvenile and Domestic Relations District Court and seized and removed BP-J from the hospital. Two days later, with Paris present, the same court issued a Preliminary Removal Order and appointed counsel. Paris failed to appear at the dispositional hearing, and the matter was continued. Paris failed to appear at all subsequent proceedings. Paris' counsel objected to the jurisdiction of the Virginia Beach court to enter the emergency removal order and to proceed on the petition for termination of residual parental rights. The Virginia Beach Juvenile and Domestic Relations District Court ordered the proceedings transferred to Norfolk, where BP-J was born and where Paris had been living. After a hearing in the Norfolk Juvenile and Domestic Relations District Court, the Department filed a new petition for termination of Paris' parental rights in the Norfolk court. The Virginia Beach petition was ultimately dismissed, and the appeal before this Court is from the Norfolk Circuit Court order terminating Paris' residual parental rights based on the Norfolk petition.

ANALYSIS

Paris contends the trial court erred by denying her motion to dismiss the Norfolk petition because BP-J was unlawfully seized pursuant to the emergency removal order and original petition from the Virginia Beach Juvenile and Domestic Relations District Court, which she asserts did not have jurisdiction.

> [E]ach juvenile and domestic relations district court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction, and within one mile beyond the limits of said city or county, concurrent jurisdiction with the juvenile court or

- 2 -

courts of the adjoining city or county, over all cases, matters, and proceedings involving . . . [t]he custody, visitation, support, control, or disposition of a child . . . who is at risk of being abused or neglected by a parent or custodian who has been adjudicated as having abused or neglected another child in the care of the parent . . . [and] [w]here the termination of residual parental rights and responsibilities is sought . . . .

Code § 16.1-241(A).  Custody disputes may be

commenced in the court of the city or county which, *in order of priority*, (i) is the home of the child at the time of the filing of the petition . . . [or] (ii) has significant connection with the child and in which there is substantial evidence concerning the child's present or future care, protection, training and personal relationships . . . .

Code § 16.1-243.

Applying Code § 16.1-241 and § 16.1-243, the Virginia Beach Juvenile and Domestic Relations District Court determined that while it had jurisdiction over termination cases involving Paris, it was not the "proper venue" in Paris' case.  Because the parties were in agreement that Virginia Beach was not the proper forum to commence the case, we will assume, without deciding, that the Virginia Beach court was without jurisdiction.  Even under that assumption, however, the fact that the emergency removal and petition originated out of a court without jurisdiction does not negate the fact that Paris ultimately lost her residual parental rights through a petition that originated out of Norfolk, the proper venue and a court that all parties agreed had jurisdiction.

Paris argues, however, an exclusionary rule analysis should apply here.  Proceedings involving the termination of residual parental rights are civil in nature.  Paris nevertheless asserts that where evidence has been unlawfully seized, BP-J in this case, the charging document, the petition, should be dismissed.  However, the Virginia Supreme Court has determined that "the Fourth Amendment exclusionary rule should not be extended from criminal cases to civil cases." County of Henrico v. Ehlers, 237 Va. 594, 604, 379 S.E.2d 457, 462 (1989).  Thus, the argument that because BP-J was seized under an order rendered by a court without jurisdiction does not

require all subsequent and related proceedings to be dismissed, as the exclusionary rule might require in criminal cases.

Paris advances no other argument or authority for the position that because the child was removed by an order issued by a court without jurisdiction that a court of proper jurisdiction is thereafter deprived of resolving the dispute concerning the termination of residual parental rights on a petition that derives from that jurisdiction. The presumably defective petition from the Virginia Beach court was dismissed and thereby ended that case. Norfolk was a forum that had jurisdiction and venue over BP-J and Paris, and the Norfolk Circuit Court proceeded on a petition that originated from the Norfolk Juvenile and Domestic Relations District Court. The defect in the dismissed petition has no effect on the jurisdiction and validity of the Norfolk petition and order before this Court.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.